## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GERALD R. MILLER, | ) | |
| | ) | |
| Appellee/Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-093-RAW |
| | ) | |
| CHARLES M. LASTER, | ) | |
| | ) | |
| Appellant/Defendant. | ) | |

### ORDER

Before the Court is the appeal from the order and judgment of the bankruptcy court filed September 25, 2007 avoiding two transfers[1] as preferential pursuant to 11 U.S.C. §547(b), and that court's subsequent order filed January 9, 2008 denying appellant's motion to amend findings, or in the alternative, motion to reconsider. This decision is final for purposes of review. *See In re Furr's Supermarkets, Inc.,* 373 B.R. 691, 697 (10th Cir.BAP 2007). The appellant has elected the district court option pursuant to 28 U.S.C. §158(c)(1).

Sitting in appellate review, this court considers the bankruptcy court's legal determinations de novo and its factual findings under the clearly erroneous standard. *See In re Commercial Financial Services*, 427 F.3d 804, 810 (10th Cir.2005). A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the

---

[1] The transfers were a payment of $13,806.25 from debtor to appellant and a $30,000.00 mortgage given in favor of appellant. As to the former, the bankruptcy court avoided the entire amount. As to the latter, the bankruptcy court avoided the mortgage transfer to the extent of $20,913.75, finding the remaining $9,086.25 was not made on account of an antecedent debt, but rather constituted new value.

evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. *Id.*

After review of the record under the applicable standard, this court finds that the bankruptcy court's decision as to the preferential transfers should be affirmed. This court also rejects appellant's argument that the bankruptcy court (in denying the motion to amend) erroneously applied the standards applicable to a Rule 60 motion when considering appellant's Rule 59(e) motion[2]. This court does not share appellant's perception of error in the bankruptcy court's order filed January 9, 2008.

It is the Order of the Court that the orders of the bankruptcy court are AFFIRMED for substantially the reasons set forth in that court's thorough decisions.

**ORDERED THIS 28th DAY OF MAY, 2008.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[2] "With exceptions not relevant here, [Rule 59(e) F.R.Cv.P.] and [Rule 60(b) F.R.Cv.P.] are made applicable to the bankruptcy courts pursuant to [Rule 9023 F.R.Bankr.P.] and [Rule 9024 F.R.Bankr.P.] respectively." *In re Long,* 255 B.R. 241, 243-44 n.6 (10th Cir.BAP2000).